# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **LISA GILBRIDE,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**HIGHMARK BLUE SHIELD OF PA, NANCI HOLT, and VESUVIUS,**<br><br>      **Defendants.** | Case No. 13-2047 |

### REPORT AND RECOMMENDATION

In January 2013, Plaintiff Lisa Gilbride filed a Complaint in Champaign County Circuit Court, asserting breach of contract against Highmark Blue Cross Blue Shield (Highmark); negligence against Nanci Holt, an employee of Vesuvius USA Corporation (Vesuvius); and vicarious liability against Vesuvius for Holt's negligence.  In February 2013, Defendants removed the case here, invoking this Court's jurisdiction on the ground that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a).

In April 2013, Defendants filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (#10).  Shortly thereafter, Plaintiff filed a response in opposition (#14).  After carefully reviewing the parties' arguments, the Court recommends that Defendants' Motion to Dismiss Plaintiff's Complaint **(#10)** be **DENIED**.

### I.  Background

The Court takes the following background from Plaintiff's complaint, accepting all well-pleaded factual allegations as true.  *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  The Court also uses Plaintiff's response brief to fill in some details, to the extent Plaintiff adds allegations consistent with her complaint.[1]

---

[1] *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008) (explaining that plaintiff may present additional facts in her brief "as long as they are consistent with the complaint" (citing *Hrubec v. Nat'l R.R.*

Plaintiff's spouse works for Vesuvius, and Plaintiff is a beneficiary of a group health insurance plan (the Plan) that Vesuvius maintains for its employees through Highmark. In January 2011, Plaintiff had surgery at an out-of-network medical provider, after obtaining pre-certification from Highmark. Plaintiff then submitted a claim to Highmark for the cost of the surgery. Highmark refused to pay the claim. The Plan required that any appeal of a denial of benefits be filed within 180 days. In April 2011, Plaintiff asked Nanci Holt, an employee in Vesuvius's benefits department, to assist her in securing payment from Highmark on her claim. Holt agreed to help Plaintiff and requested that Plaintiff provide her with all documents relevant to her claim. Holt contacted Highmark on Plaintiff's behalf several times and emailed back and forth with Highmark representatives. Later in 2011, Highmark notified Plaintiff that she failed to follow Plan procedures to appeal Highmark's initial denial of her claim and that she could take no further action to reverse Highmark's decision.

Plaintiff claims that Highmark breached its contractual obligation under the Plan to provide health insurance coverage to Plaintiff. She maintains that Holt negligently failed to appeal Highmark's denial of benefits properly and that this negligence caused Highmark to deny Plaintiff's claim. Plaintiff claims that Vesuvius is vicariously liable for Holt's negligence.

## II. Analysis
### A. Jurisdiction

Defendants removed Plaintiff's case to this Court, invoking federal subject matter jurisdiction under the doctrine of complete preemption. Plaintiff has not filed a motion to remand her case or otherwise opposed removal, but the Court has an independent obligation to ensure that it has subject matter jurisdiction to hear this case. *See Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011).

Complete preemption, an exception to the general principle that the plaintiff's complaint alone controls whether federal jurisdiction exists, "confers exclusive federal jurisdiction in

---

*Passenger Corp.*, 981 F.2d 962, 963 (7th Cir. 1992) ("A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief . . . ."))); *Pierce v. Ill. Dep't of Human Servs.*, 128 F. App'x 534, 537 (7th Cir. 2005) ("Precisely because a plaintiff need not plead all the facts necessary to show recovery for a particular legal theory, it is perfectly appropriate to supplement a complaint with additional factual assertions in an affidavit or brief in order to forestall dismissal . . . ." (citations omitted)).

certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). "'When [a] federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004)).

ERISA's civil enforcement mechanism, Section 502(a)(1)(B),[2] completely preempts a claim "complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated." *Davila*, 542 U.S. at 210. Stated differently, the test for whether Section 502(a)(1)(B) completely preempts a claim is two-fold: "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.*; *accord Franciscan*, 538 F.3d at 597.

The Court agrees with Defendants that Plaintiff's breach of contract claim against Highmark is completely preempted by Section 502(a)(1)(B), which provides, in relevant part, that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1332(a)(1)(B). First, Plaintiff could have brought her claim against Highmark under Section 502(a)(1)(B). Plaintiff is a beneficiary of an ERISA-regulated plan: Vesuvius maintains the Plan through Highmark to provide health insurance to its employees, bringing it within ERISA's purview. *See* 29 U.S.C. § 1002(1) (defining which plans fall within the scope of ERISA).[3] Plaintiff's claim, though currently styled as a breach of contract claim, seeks to recover from Highmark benefits due to her under the Plan. *See Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911 (7th Cir. 2013) ("An ERISA §

---

[2] ERISA § 502(a)(1)(B) is codified at 29 U.S.C. § 1332(a)(1)(B).

[3] 29 U.S.C. § 1002(1) ("The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits . . . .").

502(a)(1)(B) claim is essentially a contract remedy under the terms of the plan." (internal quotation marks omitted)).  Highmark does not contest, and the Court finds, based on the allegations in the complaint, that Highmark is a proper defendant under Section 502(a)(1)(B) because it decides whether claims are payable under the Plan and is responsible for paying such claims.  *See id.* at 915 (explaining that insurer, rather than plan itself, may be sued under Section 502(a)(1)(B) where insurer evaluates and pays claims).  Second, as Plaintiff recognizes in suing Highmark for failure to pay benefits owed to her under the Plan, any obligation Highmark may have to pay Plaintiff's claim arises from the terms of the Plan itself.  Therefore, Plaintiff's breach of contract claim against Highmark is completely preempted and is, in fact, a Section 502(a)(1)(B) claim.  Therefore, the Court has subject matter jurisdiction to hear this case.

Although Defendants assert that ERISA preempts Plaintiff's complaint in its entirety, they do not explain how ERISA preempts Plaintiff's claim of negligence against Holt and vicarious liability against Vesuvius for Holt's actions.  Defendants may wish to support their argument in an objection to this Report and Recommendation.  For purposes of jurisdiction, however, it is sufficient that ERISA completely preempts Plaintiff's claim against Highmark because the Court can exercise supplemental jurisdiction over Plaintiff's claim against Holt and Vesuvius.  *See* 28 U.S.C. § 1367(a).

### B. Motion to Dismiss

**1. Legal Standard**

Defendants move to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case.  *See AnchorBank*, 649 F.3d at 614.  To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. The Court is generally limited to the allegations in the complaint, but it is well-settled that the Court "may consider documents attached to or referenced in the pleading if they are central to the claim." *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). Here, both parties have attached a number of documents in support of their briefs, most of which the Court considers to be beyond its purview at the motion to dismiss stage. However, the Court does consider the Plan itself, filed as an attachment to Defendants' motion (#11-2), because Plaintiff refers to it in her complaint, and the language of the Plan is essential to Plaintiff's claim against Highmark.

## 2. Failure to Exhaust Administrative Remedies

Defendants move to dismiss Plaintiff's complaint in its entirety on the ground that Plaintiff failed to exhaust the Plan's appeal process.

ERISA itself does not explicitly require exhaustion of administrative remedies. *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011). Nevertheless, the Seventh Circuit has reasoned that, "because ERISA directs employee benefit plans to provide adequate written notice of the reasons for denials of claims by plan participants and to create procedures for the review of such denials of claims, . . . ERISA . . . requir[es] exhaustion of administrative remedies as a prerequisite to bringing suit under the statute." *Id.*; *accord Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012). Although exhaustion is required, the decision whether to dismiss an ERISA claim for failure to exhaust is within the district court's discretion. *Edwards*, 639 F.3d at 361. A court may, in its discretion, excuse a plaintiff's failure to exhaust where "there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile." *Id.* Additionally, an insurer may be estopped from asserting an exhaustion defense to an ERISA claim where it "knowingly misrepresented or

concealed a material fact, [the plaintiff] did not know the truth, and [the plaintiff] reasonably relied on the misrepresentation or concealment to her detriment." *Schorsch*, 693 F.3d at 739.

Defendants argue that Plaintiff has pled herself out of court by alleging that she did not follow the Plan's appeal procedures. Plaintiff, in contrast, contends that, although Highmark asserts that she failed to file a timely appeal, Highmark nevertheless responded to Holt's inquiries on Plaintiff's behalf, which suggests that some type of appeal or review did occur. Plaintiff also argues that, even if she did fail to appeal within the 180-day window, the Court should excuse her failure because she lacked meaningful access to review procedures and because an appeal would have been futile. She also argues that Highmark should be estopped from asserting an exhaustion defense.

Because the parties dispute what happened after Highmark initially denied Plaintiff's claim for benefits, dismissal of Plaintiff's ERISA claim against Highmark for failure to exhaust administrative remedies is premature at the pleading stage. Defendants' argument is more suited for summary judgment, when the parties have had a chance to marshal all evidence in support of their positions.[4] Furthermore, until it is clear that ERISA preempts Plaintiff's state law claims against Holt and Vesuvius, ERISA's exhaustion requirement has no bearing on those claims.

### III.  Summary

The Court recommends that Defendants' Motion to Dismiss Plaintiff's Complaint **(#10)** be **DENIED**. Because ERISA completely preempts Plaintiff's claim against Highmark, Plaintiff may wish to amend her complaint for the sake of clarity, though she is not required to do so. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005).

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21 Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

---

[4] Plaintiff notes that her response to Defendants' motion to dismiss is based solely on Defendants' initial disclosures under Rule 26.

ENTERED this 7th day of November, 2013.

                s/DAVID G. BERNTHAL
               UNITED STATES MAGISTRATE JUDGE